FILED
MAY - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David E. Henderson,       )
                          )
        Plaintiff,        )
                          )
    v.                    )    Civil Action No. 10 0713
                          )
Charles McNabb,           )
                          )
        Defendant.        )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. See Fed. R. Civ. P. 12(h)(3).

The complaint is hardly legible, but it appears that plaintiff, a resident of El Paso, Texas, is suing the City Attorney of El Paso for an "[illegal] arrest." Compl. at 2. He seeks $270 million in damages. Although plaintiff mentions "constitutional rights," Compl. at 1, he has not stated any facts supporting a federal question. See 28 U.S.C. § 1331 (defining a federal question as one "arising under the Constitution, laws, or treaties of the United States); *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the "grounds" of

his "entitle[ment] to relief" requires more than labels and conclusions . . . .") (citation omitted). In addition, the complaint does not provide a basis for diversity jurisdiction because the parties are not of diverse citizenship. The complaint therefore must be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

Date: April 14, 2010